UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELE C. TETREAULT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-11420-JLT |
| | * | |
| RELIANCE STANDARD LIFE | * | |
| INSURANCE COMPANY and | * | |
| THE LIMITED LONG TERM | * | |
| DISABILITY PROGRAM, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

March 5, 2013

TAURO, J.

I.   Introduction

Plaintiff Michele Tetreault initially brought this ERISA action against Defendant Reliance Standard Life Insurance Company ("Reliance Standard") for improper termination of her long-term disability benefits under the Defendant Limited Long Term Disability Program ("Plan"). This court previously granted judgment in favor of Defendants on Counts I and II of Tetreault's Second Amended Complaint [#16] because Tetreault failed to exhaust her administrative remedies. Only Count III remains, which presents the narrow question of whether Tetreault can recover a statutory penalty for Reliance Standard's failure to deliver a summary plan description upon written request. The parties have filed cross-motions for Summary Judgment. For the reasons stated below, Defendants' Motion for Summary Judgment [#49] is ALLOWED, and Tetreault's Motion for Summary Judgment [#53] is DENIED.

1

II.   Factual Background[1]

The parties do not dispute the relevant facts.

Tetreault worked as a store manager for The Limited Service Corporation until unremitting back pain caused her to resign in June 2000.[2] She received approval for long-term disability benefits in July 2000, and Reliance Standard's records indicate that her benefits commenced on July 29, 2000.[3] Tetreault continued to receive benefits until December 18, 2008, when Reliance Standard notified her that she was no longer eligible. Tetreault received written notification that she had the right to appeal her eligibility determination by submitting a written request within 180 days of receiving Reliance Standard's letter.[4] Tetreault failed to appeal within the 180 days.[5]

On January 14, 2009, Tetreault's attorney wrote to Reliance Standard and requested a complete copy of Tetreault's claim file and the Plan documents and summary plan description.[6] Reliance Standard responded ten days later, providing "a copy of Ms. Tetreault's entire Long Term Disability Claim, the Limited Service Corporation Long Term Disability plan and our

---

[1] Unless otherwise indicated, the court draws the facts from Tetreault's Rule 56.1 Statement of Facts in Support of her Motion for Summary Judgment [#55] [hereinafter Pl.'s S.F.].

[2] Pl.'s S.F. ¶ 1.

[3] Pl.'s S.F. ¶¶ 12, 14.

[4] Admin. R. 338-40.

[5] Admin. R. 299-316.

[6] Pl.'s S.F. ¶ 17.

internal rules/protocol/guidelines."[7] Reliance Standard produced a 1998 version of the Plan but did not include a 2005 version or summary plan description.[8]

III.  Procedural History

Tetreault filed her initial complaint in 2010. She twice moved to amend and filed her Second Amended Complaint [#16] on April 7, 2011. Reliance Standard answered and promptly moved for summary judgment on Counts I and II on the ground that Tetreault had failed to exhaust her administrative remedies. This court referred the matter to Magistrate Judge Dein, who in a thoughtful report recommended that this court allow the motion.[9] Both parties responded vigorously, raising essentially the same arguments currently again before this court.[10] After careful consideration, this court adopted Magistrate Judge Dein's report and recommendation and allowed summary judgment for Reliance Standard on Counts I and II.[11] The parties then filed the instant motions for summary judgment on Count III, which addresses Tetreault's claim for statutory penalties.

IV.  Discussion

---

[7] Pl.'s S.F. ¶ 18.

[8] Feigenbaum Aff. ¶¶ 8-10 [#56]. The court notes that the parties dispute whether Reliance Standard sent Tetreault the 2005 Plan and summary plan description. In any event, this dispute does not raise an issue of material fact because liability turns on the legal question of whether Reliance Standard was a plan administrator and had a corresponding obligation to provide the Plan documents.

[9] Report & Recommendation [#33].

[10] Pl.'s Objections to Report & Recommendation [#34]; Defs.' Opp'n Pl.'s Objections [#37]; Pl.'s Reply Mem. [#40].

[11] Order, Jan. 25, 2012 [#42].

a.      Standard of Review

To prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law."[12] A court must examine the record "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."[13] If presented with cross-motions for summary judgment, the court "must view each motion, separately," in the light most favorable to the non-moving party.[14]

b.      Motions for Summary Judgment

Because the parties agree on the material facts, their cross-motions for summary judgment raise only a narrow legal question.[15] Is Reliance Standard the Plan administrator, such that Tetreault may collect a statutory penalty under 29 U.S.C. § 1132(c) for Reliance Standard's failure to furnish the summary plan description? This court concludes that it is not.

In relevant part, § 1132(c) states that, "Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant . . . may in the court's discretion be personally liable to such participant

---

[12] Fed. R. Civ. P. 56(a); see Baltodano v. Merck, Sharp & Dohme (I.A.) Corp., 637 F.3d 38, 41 (1st Cir. 2011) (citing Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008)).

[13] De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[14] Estate of Hevia v. Portrio Corp., 602 F.3d 34, 40 (1st Cir. 2010) (citing Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996)).

[15] The parties advance the same arguments in their favor in the context of both motions for summary judgment.

. . . ."[16] The "administrator" of a plan is a defined term:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) if an administrator is not so designated, the plan sponsor; or
>
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.[17]

In very limited circumstances, the First Circuit has also recognized "de facto plan administrators." Under this theory, a court may hold a party liable under § 1132 as a de facto plan administrator if the party assumes control of the plan administrator's function and presents itself as the plan administrator, even if that party is not specifically identified as the plan administrator.[18] This narrow doctrine does not apply to insurance companies.[19]

Reliance Standard is not the plan administrator and cannot be held liable for § 1132(c) penalties. First, Reliance Standard does not fall within the statutory definition of "administrator."[20]

---

[16] 29 U.S.C. § 1132(c)(1).

[17] 29 U.S.C. § 1002(16)(A).

[18] Law v. Ernst & Young, 956 F.2d 364, 372-73 (1st Cir. 1992).

[19] Id. at 374 (citing with approval Moran v. Aetna Life Ins. Co., 872 F.2d 296 (9th Cir. 1989) and Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134 (D.C. Cir. 1989), where courts refused to hold independent insurance companies liable because they were not plan administrators).

[20] See Lee v. Burkhart, 991 F.2d 1004, 1010 (2d Cir. 1993) (statutory obligations "placed on the person designated under ERISA as the 'administrator' of the plan, not on every fiduciary"); Law, 956 F.2d at 372 (identifying administrator as plan administrator); Settell v. Metro Life Ins. Co., 633 F. Supp. 2d 695, 712 (N.D. Iowa 2009) (" 'ERISA specifically makes the Plan Administrator responsible for providing the Plan documents,' so that an insurer that is not the plan administrator is not subject to this penalty provision." (quoting Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735, 743-44 (8th Cir. 2002)).

The Plan does not specifically designate Reliance Standard as the plan administrator under 29 U.S.C. § 1002(16)(A)(i).[21] It also does not identify Reliance Standard as the Plan sponsor. Rather, the Plan identifies the "Limited Service Corporation" as the Plan sponsor.[22]

Second, the de facto plan administrator doctrine does not apply to an insurance company such as Reliance Standard.[22] Reliance Standard is "clearly distinct from the plan administrator," and Tetreault has not pointed to any evidence that Reliance Standard "exercised actual control over the administrator's functions."[23] This settles the matter. Tetreault cannot recover § 1132(c) penalties from Reliance Standard.

In the face of this determinative legal landscape, Tetreault nevertheless argues that Reliance Standard, as a fiduciary, had a duty to respond truthfully and completely to Tetreault's document request. She contends that Reliance Standard breached this most basic fiduciary duty by omitting the 2005 Plan and summary plan description from its response. Tetreault's argument has no relevance to the matter at hand. She seeks to inject her claim for statutory penalties with a breach of fiduciary duty theory. But Tetreault has not advanced a claim for breach of fiduciary

---

[21] The 1998 Plan specifically identifies the "Limited Health Benefits Plan administrator" as the Plan administrator. Admin. R. 24. The Limited Brands, Inc. Health Benefits Plan, however, does not appear to be part of the Administrative Record. The 2005 Plan identifies the "Health Benefits Plan administrator" as the "Limited Brands, Inc. Welfare Benefits Plan Assoc. Benefits Committee." Admin. R. 148. Tetreault has not pointed to any evidence indicating that the Plan specifically identifies Reliance Standard as the plan administrator. To the contrary, the Plan identifies Reliance Standard as the claims administrator, an entity appointed by the Plan administrator. Admin. R. 22.

[22] Admin. R. 4, 21; Report & Recommendation 6 n.4 [#33].

[22] See Law, 956 F.2d at 374.

[23] Id.

duty, and such a theory has no relevance to a claim for penalties under § 1132(c). Section 1132(c) applies only to plan administrators, not all fiduciaries, and imposes liability only for failure to provide information as required by the statute.[24] Whether Reliance Standard breached a fiduciary duty makes no difference under § 1132(c).

V.      Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [#49] is ALLOWED. Tetreault's Motion for Summary Judgment [#53] is DENIED.


AN ORDER HAS ISSUED.

                                                                /s/ Joseph L. Tauro
                                                                United States District Judge

---

[24] 29 U.S.C. § 1132(c).